The Honorable _____

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ALASKA AIRLINES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> AIRLINE MECHANICS FRATERNAL ASSOCIATION, LOCAL 14 <br><br>  Defendant. | Case No. _____ <br><br> COMPLAINT |

Plaintiff Alaska Airlines, Inc. ("Alaska Airlines" or "Alaska"), by and through counsel, and for their complaint against Defendant Airline Mechanics Fraternal Organization, Local 14 ("AMFA" or "the Union"), hereby states as follows.

**INTRODUCTION**

1. Alaska Airlines terminated Gregory Chappell, a former line aircraft technician based in Seattle, Washington, after he tested positive for marijuana while on duty. The labor union that represented Mr. Chappell, the Aircraft Mechanics Fraternal Association ("AMFA" or the "Union"), challenged that decision under the parties' collective bargaining agreement and the matter was heard by the Alaska-AMFA System Board of Adjustment (the "Board"). Based on a series of findings and conclusions that were wholly unsupported by fact or reason, the Board ordered Mr. Chappell's reinstatement. In doing so, the Board acted in excess of its

COMPLAINT
[NO._____]- 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

305505251v.1

authority by dispensing its own brand of industrial justice.  Accordingly, Alaska asks that this Court vacate the Board's award.

**PARTIES**

2. Alaska Airlines is incorporated under the laws of the State of Alaska and maintains its principal place of business in SeaTac, Washington.  Alaska is a "common carrier by air" within the meaning of the Railway Labor Act.

3. AMFA is a labor union that represents Alaska Airlines' aircraft technicians, including Mr. Chappell.  At all relevant times, AMFA and Alaska Airlines were parties to a collective bargaining agreement (the "CBA"), which is attached to this Complaint as Exhibit 1.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction to review and vacate the award under the Railway Labor Act, 45 U.S.C. Sections 153 and 184.

5. Venue is proper under 28 U.S.C. Section 1391(b)(1) and (b)(2) because (i) the Union's principal place of business is within this judicial district and (ii) a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

**FACTS**

6. Mr. Chappell worked as a line aircraft technician for Alaska Airlines at the SeaTac International Airport.  In that role, Mr. Chappell was responsible for the inspection, maintenance and repair of Alaska Airlines' aircraft.

7. Alaska Airlines is subject to regulations issued by the Federal Aviation Administration ("FAA") and the Department of Transportation ("DOT") concerning drug and alcohol use by employees who perform "safety sensitive" functions.  Aircraft maintenance is a "safety sensitive" function. Those federal regulations require that air carriers administer random tests for "prohibited drugs" to employees who perform safety sensitive functions.  "Prohibited drugs" includes marijuana metabolites.

8. Alaska Airlines has adopted policies to implement those federal requirements and

COMPLAINT
[NO._____ ] - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

305505251v.1

to make clear to employees its requirements concerning drug and alcohol use. Specifically, Alaska Airlines' policies prohibit employees from "having drugs . . . in [their] systems while at work (even if [the employee appears] perfectly sober)." The policy further warns that "if you fail a drug . . . test conducted by us, you'll be separated from employment."

9. On July 5, 2022, Mr. Chappell was selected for and underwent a random drug test administered by Alaska Airlines. A medical review officer later determined that the specimen Mr. Chappell provided was positive for marijuana metabolites.

10. After receiving notice of that positive test result, Alaska interviewed Mr. Chappell. Mr. Chappell denied marijuana use.

11. Alaska Airlines terminated Mr. Chappell's employment on July 25, 2022.

12. The Union submitted a grievance on Mr. Chappell's behalf and, on June 14, 2023, the Board—composed of Neutral Arbitrator Lynne Gomez, Union Board Member Nic Kula, and Company Board Member Christopher Reverski—held a virtual hearing on the matter.

13. On October 2, 2023, the Board issued its decision (the "Award"), a true and accurate copy of which is attached as Exhibit 2.

14. The Board concluded that the Company's zero-tolerance policy for drug usage by employees in safety sensitive positions was reasonable and that summary termination for positive drug tests is generally appropriate. The Board further found—as the parties stipulated—that the test result was valid. Moreover, the Board rejected each argument advanced by the Union for overturning the Company's decision to terminate Mr. Chappell.

15. The Board further found that, during the investigative interview, Mr. Chappell had "denied using marijuana" and "could not explain the positive drug result other than speculating he may have unwittingly ingested a marijuana edible at a block party/barbecue he had recently attended." The Board further found that the manager who conducted that interview "shared the information he had gathered during his question and answer session with [Mr. Chappell] and presented it the PRM team, which considers discipline and is designed, in part, to

COMPLAINT
[NO._____ ] - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

305505251v.1

ensure consistency in decision-making"—including that Mr. Chappell had denied intentional marijuana use. The Board found, however, that the manager did not specifically relay Mr. Chappell's "speculat[ion]" that "he may have unwittingly ingested a marijuana edible at a block party/barbecue he had recently attended" to the PRM group. Despite finding that Mr. Chappell had not "conclusively establish[ed] that he had unintentionally consumed marijuana"—indeed, Mr. Chappell testified that it was based on pure speculation, that he could not recall whether he actually mentioned it during the interview, and conceded that, if he did, it was a brief "offhand comment"—and despite testimony that the PRM group knew Mr. Chappell had denied intentional use of marijuana, the Board found the Company lacked just cause to terminate Mr. Chappell because his theoretical belief that he may have accidentally ingested marijuana was not specifically presented.

16. The Board ordered Mr. Chappell's reinstatement because it determined that the Company's disciplinary decision "may have been something other than termination" had Mr. Chappell's "potential accidental ingestion" theory been presented during that meeting.

## CAUSE OF ACTION

17. Alaska incorporates and adopts by reference all allegations in the preceding paragraphs as if fully set forth here.

18. Under the Railway Labor Act, this Court may set aside, in whole or in part, an award issued by a System Board of Adjustment that fails to conform, or confine itself, to matters within the scope of its jurisdiction. 45 U.S.C. § 153 First (q); 45 U.S.C. § 184.

19. The Board acted in excess of its jurisdiction and authority because the award lacked foundation in fact or reason, did not draw its essence from the CBA, and amounted to dispensing its own brand of industrial justice.

COMPLAINT
[NO._____ ] - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

305505251v.1

**RELIEF REQUESTED**

WHEREFORE, Alaska prays for relief as follows:

    A.    An order vacating the Board's Award; and

    B.    All other and further relief this Court deems just and proper.

Respectfully submitted this October 18, 2023.

SEYFARTH SHAW LLP

By: */s/Joe Wonderly*
Joe Wonderly, WSBA No. 51925
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone:   (206) 946-4910
Email:   jwonderly@seyfarth.com

*Counsel for Alaska Airlines, Inc.*

COMPLAINT
[NO._____ ] - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

305505251v.1